### JURISDICTION IN MOTOR VEHICLE NEGLIGENCE CASES.

Common Pleas Court of Clark County.

GEORGE LITTLE v. THE LINDER BROTHERS SANITARY MILK CO.

Decided October Term, 1919.

*Venue—Where a Collision Occurs Between Motor Vehicles—The Owners Residing in Different Counties—Corporation May be Served in County Where It Has Its Principal Place of Business—Phrase "Injured Person" Construed.*

1. Under Section 6308, G. C., one whose automobile is injured in a collision with a motor truck of a corporation, caused by the negligent acts of its agent within the scope of his employment, may bring an action against such corporation in the county of his residence and have a valid summons issued to and served upon said corporation in another county, where it has its principal place of business.
2. As a corporation can act only through its agents, the negligence of the agent is the negligence of the owner.
3. "Injured person" referred to in Section 6308, G. C., is any person injured either in his person or property, which includes any of his property.

\* On the issues joined the case was tried, resulting in a verdict for the plaintiff. Error was prosecuted to the Court of Appeals, where, on February 18, 1920, it was held that the motion to quash was properly overruled, citing *Allen v. Smith*, 84 O. S., 283.

*W. W. Witmeyer,* for plaintiff.
*McMahon & McMahon,* Dayton, Ohio, for defendant.

GEIGER, J.

The petition alleges that the defendant is a corporation with its principal place of business at Dayton, Ohio; that the plaint-

iff resides in Clark county, Ohio, and was the owner of an automobile; that the defendant was the owner of an auto truck, operating under the control and direction of a servant of the defendant, at the instance and direction of the defendant for the purpose of performing certain corporate duties; that the servant while driving the auto truck within the scope of his employment negligently caused it to collide with the automobile of the plaintiff injuring the same in the particulars set out in the petition, to the plaintiff's damage as claimed.

The petition was filed in Clark county, Ohio, and summons issued to the sheriff of Montgomery county, to be served upon the defendant, which was done.

The defendant filed a motion to quash the service on the ground that the court had no jurisdiction over the defendant, in as much as the defendant was not served with summons in Clark county.

The action is brought in Clark county, and summons issued to Montgomery county under favor of Section 6308, the material part of which is:

"Actions for injury to a person or property, caused by the negligence of the owner of a motor vehicle may be brought, by the person injured, against such owner in the county wherein such injured person resides."

It is contended by the defendant, in support of its motion, that the petition shows that the injury was not caused by the defendant, and further that the section does not apply where two automobiles collide.

It is claimed that the petition shows that the accident was caused not by the defendant corporation, the owner of the machine, but by the negligent act of a servant of the defendant and that the Legislature did not intend that the owner of an automobile might be sued in the county where the injured party resides when the injury was caused not by the owner but by the owner's servant, it being urged that the corporation, as owner, was not negligent in operating the truck at the time of the accident.

The section allows the action to be brought only against the owner of the automobile and only where the negligence of the owner causes the injury. *Allen v. Smith*, 84 O. S., 283.

Whether or not such suit can be brought against an individual owner of an automobile operating the same through his agents or servants, where the negligence is not that of the owner but of his agent, it seems to the court that the case at bar, the owner being a corporation and its only means of operation being through this agent, falls within the provision of the section when it is alleged that the accident was caused by the negligence of a duly authorized agent of the corporation.

It may be that the section is intended to include only an owner who through his negligence injures another, yet where that owner is a corporation, negligence of its agents is its own.

It is urged that the statute contemplates only actions brought for an injury to the person, and that it does not cover injury to property, and it is claimed that this view is supported by the case of *Allen v. Smith, supra.* The court does not so read the case. The "injured person" referred to in the section is any person injured either in his person or property, which includes any of his property.

Motion to quash summons overruled.